# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ASHLEY GERSTNER,**

    **Plaintiff,**

    v.                                                                    Case No. 15-CV-1115

**NANCY BERRYHILL,**
**Acting Commissioner of the Social Security Administration,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Ashley Gerstner sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of her claim for disability, disability insurance benefits, and supplemental security income benefits by the Commissioner of Social Security. On September 29, 2016, I affirmed the Commissioner's decision. Gerstner filed a timely appeal, and the Seventh Circuit vacated the judgment affirming the denial of benefits and remanded the case for further proceedings. (Docket # 31.) Pursuant to the Seventh Circuit's mandate, the case was remanded to the Commissioner on February 27, 2018. Gerstner now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated in this opinion, I will grant Gerstner's motion for fees under the EAJA.

## EAJA STANDARD

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is

timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Because I ultimately reversed and remanded the Commissioner's decision under sentence four of §405(g), the plaintiff was the prevailing party in this litigation. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010). The application was timely filed, and the Commissioner points to no special circumstances making an award unjust.

The Commissioner argues, however, that her position was substantially justified. When the Commissioner challenges the fees on the ground that her position was substantially justified, she bears the burden of proving that her position was substantially justified. *Cunningham*, 440 F.3d at 864. The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569. In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA fees are not determined by the number of successful arguments, and a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *Id.*

Also, the fact that "one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. Thus, in cases such as this one where I affirmed the Commissioner's decision and the Seventh Circuit reversed, I must accept the appellate court's view of the merits as the premise for evaluating the government's position. The Seventh Circuit has stated:

> A district judge who has been reversed for ruling against the party that the court of appeals decides should have prevailed must be careful not to let his superseded view of

> the merits color his determination of whether there was a substantial justification for the government's position. He must accept the appellate court's view of the merits as the premise for evaluating the government's position. Our view might be that it was a close case—that the government's position, though the district judge should in the end have rejected it, was substantially justified. But if it is apparent from our opinion that we think the government lacked a substantial justification for its position, though the judge had thought it not only substantially justified but correct, he must bow.

*Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d at 384 (internal citations omitted).

The Commissioner's position includes her position during litigation and her position during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). Further, the administrative law judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863–64. Whether the Commissioner's position is substantially justified is left to the discretion of the district court, "in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859-860 (7th Cir. 2011) (quoting *Pierce*, 487 U.S. at 561-62). While there is no "firm rule," the Seventh Circuit has provided some "helpful benchmarks" as to whether the Commissioner's position is substantially justified. *Id.* at 859.

To begin, the Commissioner's position may be substantially justified even if it turns out to be completely wrong. *Id.* The ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the Commissioner's defense of the opinion. *Id.* (internal citation omitted). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," so the ALJ's failure to "connect all the dots" in the analysis, and the Commissioner's defense of those gaps in the ALJ's reasoning, is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law. *Id.* at 859-60 (citing *Cunningham*, 440 F.3d at 864–65).

It typically takes something more egregious than an error in articulation to make the Commissioner's position unjustified. *Id.* at 860 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Rather, the error must be something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending the ALJ's opinion on a forbidden basis. *Id.* The Seventh Circuit has also explained that the Commissioner's position "must be stronger than merely non-frivolous," though "'[s]ubstantially justified' does not mean 'justified to a high degree.'" *Suide v. Astrue*, 453 Fed.Appx. 646, 648 (7th Cir. 2011) (internal citations omitted).

## DISCUSSION

Gerstner requests $30,182.61 in attorney's fees under the EAJA. (Pl.'s Reply Br. at 13, Docket # 39.) The Commissioner opposes Gerstner's motion for EAJA fees both on the grounds that her position was substantially justified, and because the amount of fees Gerstner requests is unreasonable. (Def.'s Br., Docket # 36.) I will address each argument in turn.

*1. Whether the Commissioner's Position was Substantially Justified*

Gerstner argues the Commissioner's position was not substantially justified because the Seventh Circuit found the ALJ erred in rejecting the opinion of her treating medical provider, Dr. Callaghan, and because the Seventh Circuit found the ALJ's credibility determination was "patently wrong." (Pl.'s Br. at 3-4, Docket # 34.) The Commissioner does not address the credibility determination. Rather, she argues that her position was substantially justified because the Seventh Circuit remanded because the ALJ overstated the import of certain portions of Dr. Callaghan's treatment notes and overstated findings related to medical tests, exercise activity, gaps in taking medication, and job search activity. (Def.'s Br. at 3.) The Commissioner argues that the ALJ's errors

were not clearly unreasonable or plainly contrary to established law, but were errors of articulation. (*Id.*)

I find the Commissioner's position was not substantially justified. As to the ALJ's consideration of Dr. Callaghan's opinion, the Seventh Circuit found the ALJ erred by cherry picking Dr. Callaghan's treatment notes, ignoring how Dr. Callaghan's mid-2012 opinions of Gerstner's limitations were supported by the treatment records, overlooking the extent to which Dr. Callaghan's opinions were consistent with the diagnoses and opinions of other treating sources, and failing to consider the relevant regulatory factors under 20 C.F.R. § 404.1527(c). *Gerstner v. Berryhill*, 879 F.3d 257, 261-63 (7th Cir. 2018). It is clear that the Seventh Circuit did not merely find an "articulation error" in the ALJ's analysis of Dr. Callaghan's opinion. Rather, the court found the ALJ failed to properly follow the regulations. *See Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1009 (E.D. Wis. 2004) (finding Commissioner's position not substantially justified when ALJ failed to comply with regulations and consider all relevant evidence and factors).

Similarly, the court of appeals found that the ALJ's adverse credibility determination regarding Gerstner's complaints of fibromyalgia pain was patently wrong. *Gerstner,* 879 F.3d at 265. The court found the ALJ overstated test results and treatment recommendations and drew unjustified inferences from Gerstner's medication gap and job search. *Id.* at 264. Again, this is not a mere error of articulation. An ALJ's decision will be deemed "patently wrong" only when it is "lacking any explanation or support." *Fuchs v. Astrue*, 873 F. Supp. 2d 959, 974 (N.D. Ill. 2012) (internal citations omitted). The court of appeals has stated that demonstrating an ALJ's credibility determination is "patently wrong" is a "high burden" to meet. *Turner v. Astrue*, 390 F. App'x 581, 587 (7th Cir. 2010). Thus, the court of appeals' finding that the ALJ's credibility determination was patently wrong

demonstrates that the Commissioner's position was not substantially justified in this case. Thus, Gerstner is entitled to an award of EAJA fees.

### 2. *Amount of the Fee*

Once a court determines that a fee award under the EAJA is appropriate, it must next determine the reasonableness of that fee—both in terms of the rate and the hours. *See Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). Pursuant to the statute, the EAJA allows for reasonable attorney's fees "based upon the prevailing market rates for the kind and the quality of the services furnished," though the rate is not to exceed $125 an hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Gerstner requests a total award of $30,182.61 for 152.7 hours of work. This includes attorney time in both the district court and before the Seventh Circuit, and legal assistant time in the Seventh Circuit. (Pl.'s Br. at 7; Pl.'s Reply Br. at 13, Docket # 39.) The Commissioner does not object to counsel's hourly rate, nor does she object to the hours spent before the district court. Rather, the Commissioner argues that the 121.3 hours counsel spent in the court of appeals was excessive. (Def.'s Br. at 6, Docket # 36.) The Commissioner argues that the two primary issues in this case—the weight given to the treating physician's opinion and the ALJ's credibility finding—were "not extraordinary" issues and the record was only 633 pages long. (*Id.*) The Commissioner also compares the amount of hours counsel spent in this case to the amount of hours counsel spent in other cases with longer records and more issues raised. (*Id.*)

The Commissioner's argument comparing Gerstner's case to the record and issues raised in other cases is not persuasive. Cases are not interchangeable. A case with a shorter record and one or two issues raised may be more complicated than a case with a longer record and five or six issues raised—it depends on the complexity of the facts and issues in the specific case. And I do not find that 121.3 hours of work before the court of appeals is excessive. As Gerstner notes, counsel before the court of appeals did not represent her in the district court. (Pl.'s Reply Br. at 11.) Thus, counsel had to review not only the administrative record, but the record before the district court. Further, as Gerstner states, briefs before the Seventh Circuit follow strict guidelines and requirements, which takes additional time. Finally, the total amount of hours requested—152.7—is in line with other awards approved in this circuit for work before the district court and the court of appeals. *See, e.g.*, *Villano v. Astrue*, No. 07 CV 187, 2009 WL 1803131, at *4 (N.D. Ind. June 23, 2009) (approving 180.1 hours for a total award of $31,952.82)*; Getch v. Astrue*, No. 06-CV-143-PRC, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12, 2009) (approving 169.2 hours for a total award of $28,680.35); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (approving 162.25 hours for a total award of $20,367.72). For these reasons, Gerstner's motion for attorney's fees under the EAJA is granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 34) is granted in the total amount of $30,182.61.

**IT IS FURTHER ORDERED** that these fees are awarded to Gerstner and not her attorney, and can be offset to satisfy any pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties can verify that Gerstner owes no

preexisting debt subject to offset, Defendant will direct that the award be made payable to Gerstner's attorney pursuant to the EAJA assignment duly signed by Gerstner and counsel.

Dated at Milwaukee, Wisconsin this 8th day of June, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge